*E-FILED - 5/29/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAUNCEY RENEE SIMPSON,<br><br>        Petitioner,<br><br>   vs.<br><br>MARGUERITA PEREZ, et al.,<br><br>        Respondent. | No. C 06-4673 RMW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, a California state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the Board of Prison Terms ("Board") that he is unsuitable for parole. The court dismissed two of the three claims and then directed Respondent to show cause why the cognizable claim should not be granted. Respondent filed a motion to dismiss, which the court denied. Respondent has filed an answer addressing the merits of the petition, and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claim presented and will deny the petition.

## BACKGROUND

The charges against petitioner arose from his kidnapping of and shooting at a man in 1980. Petitioner, who is currently in custody at Soledad State Prison, was convicted by a Los

1  Angeles Superior Court jury of kidnapping (Cal. Pen. Code § 209), robbery (Cal. Pen. Code
2  § 211), grand theft auto (Cal. Pen. Code § 487.3), and assault with a deadly weapon (Cal. Pen.
3  Code § 245(a)), and two sentencing enhancements.  Ans., Ex. 2 (Oct. 3, 1980 Probation Officer's
4  Report) at 6.  The superior court struck from the verdicts the convictions for grand theft auto,
5  assault with a deadly weapon, and one of the enhancements.  Id. at 7.  Petitioner was sentenced
6  to seven-years-to-life in prison, plus two years.  Ans., Ex. 1 (Abstract of Judgment).

7  The facts of the two commitment offenses are as follows.  In January 1980, petitioner and
8  another person, produced a handgun, pressed it to the victim's head and forced the victim into
9  his car.  Ans., Ex. 2 at 7.  During the subsequent drive, petitioner told the victim that he
10 (petitioner) might have to kill him (the victim) because the victim knew him and could identify
11 petitioner.  Id.  Petitioner ordered the victim to step into the trunk, but the victim refused.  Id.
12 The other person convinced petitioner not to kill the victim.  Id.  Some time after picking up
13 another individual, petitioner abandoned the victim in East Los Angeles.  Id.

14 That, however, was not the end of the matter.  After the kidnapping, petitioner twice
15 visited the victim's workplace.  Id. at 8.  On the first visit, petitioner, who had a gun in his
16 waistband, left immediately after seeing the victim.  On the second visit, petitioner drove by
17 when the victim was working and fired four gunshots at the victim, while other persons ducked
18 to avoid the bullets, yelling that the victim should not "spread lies about him."  Id.

19 In April 2005, the Board found petitioner unsuitable for parole because he would pose
20 "an unreasonable risk of danger or a threat to society if released," citing as its reasons that "[t]he
21 crime was carried out in an especially callous manner" and in a manner that was "dispassionate
22 and calculated" and that showed a "total disregard for public safety."  Ans., Ex. 3 (Transcript of
23 Apr. 27, 2005 parole hearing) at 39.  In response, petitioner filed state habeas petitions, all later
24 denied, in the California superior, appellate, and supreme courts.  Ans. ¶ 5-7.  Petitioner filed the
25 instant federal habeas petition in 2006.

26 As grounds for federal habeas relief, petitioner alleges that his state and federal due
27 process and equal protection rights were violated by in the Board's repeated failure to set a
28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Simpson673.hcruling.md

parole date based on a no-parole policy for inmates serving seven-to-life sentences for kidnapping for robbery. Order to Show Cause ("OSC") at 2.

## DISCUSSION

**A.      Standard of Review**

This court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result.

Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C.    § 2254(e)(1).

**B.    Petitioner's Claim**

Petitioner alleges his state and federal due process and equal protection rights were violated by the Board's repeated failure to set a parole date based on a no-parole policy for inmates serving seven-to-life sentences for kidnapping for robbery. OSC at 2.

The Board complies with due process provided that there is "some evidence" to support its decision. The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); see McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) (same). Additionally, the evidence underlying the Board's decision must have some indicia of reliability. McQuillion, 306 F.3d at 904. Accordingly, if the Board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005); McQuillion, 306 F.3d at 904.

In assessing whether there is "some evidence" to support the Board's denial of parole, this court must consider the regulations that guide the Board in making its parole suitability

determinations. The Board is to consider "all relevant, reliable information available." 15 Cal. Code Regs. § 2402(b). Section 2402(a) states that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." The regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole. 15 Cal. Code Regs. § 2402(c)-(d).[1]

      Applying this law to the instant case, petitioner's claim is without merit. The court finds that there was some evidence to support the Board's parole decision, based not only on the circumstances of the commitment offense, but also on other relevant considerations. After a full hearing, the Board concluded that petitioner was not suitable for parole and "would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." Ans., Ex. 3 at 29. As its reasons for this decision, the Board stated that "[t]he crime was carried out in an especially callous manner . . . show[ing] a total disregard for public safety." Id. Also, "[t]he offense was carried out in a dispassionate and calculated manner." Id. Furthermore, the Board stated that "[t]he motive for the crime was inexplicable . . . [basically] to take someone's car." Id. The Board cited specifics of the commitment offense – threatening the driver with a gun, kidnapping – that led it to its decision.

    In addition to the nature and circumstances of the commitment offense, the Board considered other parole suitability factors, such as petitioner's criminal history, his unstable social history, and his behavior in prison. The Board noted that petitioner had "an escalating

---

1. The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. 15 Cal. Code Regs. § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Id. § 2402(d).

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Simpson673.hcruling.md

1 pattern of criminal conduct" including felony drunk driving, assault with a deadly weapon,
2 robbery, and possession of a controlled substance. Ans., Ex. 3 at 40; Ex. 2 at 6.

3      The Board also cited petitioner's unstable social history: "a history of unstable and
4 tumultuous relationships." Ans., Ex. 3 at 40. This social history includes the crimes listed
5 above, and his regular use of marijuana and occasional use of phencyclidine, also known as PCP
6 or angel dust. Ans., Ex. 2 at 4. As for petitioner's behavior while in prison, the Board was
7 troubled that petitioner had not participated in substance abuse programs in prison, had not
8 received a certificate of complete for his vocational studies, and had no parole plans. Ans., Ex. 3
9 at 41. Though noting that petitioner had been "disciplinary free" since 1996 and had a favorable
10 psychological evaluation, the Board stated that he needed a longer period of incarceration before
11 he would be suitable parole. Id. The Board also noted that the Los Angeles Deputy District
12 Attorney opposed petitioner's release. Id. at 41-42. Because some evidence exists to support the
13 Board's finding of parole unsuitability, the Board's decision has complied with the requirements
14 of due process, and therefore, petitioner's claim that the Board's decision was not supported by
15 any evidence fails.

16      As to petitioner's contention that the Board has a "no-parole" policy that violates his
17 right to equal protection and due process, the court finds no merit. Rather than being guided by a
18 "no-parole" policy, the Board, according to its statutorily assigned duty, looks at a variety of
19 prescribed factors and applies these factors in its individualized assessment whether a prisoner is
20 suitable for parole. See 15 Cal. Code Regs. §§ 2281, 2404. Furthermore, each case presents an
21 idiosyncratic set of facts – motive may be significant in one case while behavior in prison may
22 be salient in another. Because the Board makes an individualized assessment of each particular
23 set of facts, the very idea of having a "no-parole" policy is simply not tenable.

24      Because the Board complied with the requirements of due process, petitioner's claim is
25 without merit. Therefore, under the highly deferential standard imposed by AEDPA, the court
26 concludes that the state court's determination was not contrary to, or an unreasonable application
27 of, clearly established Supreme Court precedent, nor was it based on an unreasonable

28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Simpson673.hcruling.md

1 determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (1), (2).

## CONCLUSION

The court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: __5/23/08_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Petitioner for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Simpson673.hcruling.md